IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

| | | |
|---|---|---|
| SHERRIE BECKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-cv-11815 |
| | ) | |
| v. | ) | |
| | ) | |
| STENGER & STENGER, P.C., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, SHERRIE BECKMAN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, STENGER & STENGER, P.C., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SHERRIE BECKMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Harrison, County of Clare. State of Michigan

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Capital One (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, LVNV Funding, LLC purchased, acquired, and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. STENGER & STENGER, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Michigan.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant was hired by LVNV Funding, LLC to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

1. On October 2, 2019, Defendant sent a collection letter with Plaintiff's name on it, but addressed to Plaintiff's former husband's home.

2. While Plaintiff did at one point reside at the address where the October 2, 2019 correspondence was delivered, she was not living there at any time that the account that created the Debt was open.

3. In about October of 2019, Defendant initiated a telephone call to Plaintiff's former husband.

4. Plaintiff's former husband advised Defendant then and there that Plaintiff did not reside there and that his residence was not a place where Defendant could contact Plaintiff.

5. On October 14, 2019, Defendant sent correspondence to Plaintiff attempting to collect the aforementioned Debt to her correct address.

6. On or about February 23, 2020, Defendant again made a telephone call to Plaintiff's former husband.

7. During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

8. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

9. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated telephone calls to Plaintiff's former husband.

10. Plaintiff's former husband did not request that he be contacted by Defendant.

11. Plaintiff did not consent to Defendant contacting third parties.

12. In its attempts to collect the debt allegedly owed by Plaintiff to LVNV Funding, LLC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## V.  JURY DEMAND

14. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERRIE BECKMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

                              Respectfully submitted,
                              **SHERRIE BECKMAN**

                      By:    <u>s/ David M. Marco</u>
                                Attorney for Plaintiff

<u>Dated: July 3, 2020</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithmarco.com