**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

SHERRIE BECKMAN,                                  CASE NO. 20-11815

     *Plaintiff*,                                     HON. THOMAS L. LUDINGTON
*v.*                                                      DISTRICT JUDGE

STENGER & STENGER, P.C.,                     HON. PATRICIA T. MORRIS
                                                        MAGISTRATE JUDGE

     *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 7.)

**I.      RECOMMENDATION**

For the reasons stated below, I recommend **GRANTING** Plaintiff's motion for leave to file an amended complaint.

**II.     REPORT**

**A.      Introduction**

On July 3, 2020, Plaintiff filed the instant complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (ECF No. 1.) Plaintiff alleges that the original Defendant Stenger & Stenger, P.C. engaged in debt collection on behalf of an organization that acquired a debt to be collected from Plaintiff. (*Id.*, PageID.2.) Plaintiff alleges in the instant motion that the parties have exchanged information about the alleged acts, and Plaintiff ascertained that the proper Defendant is Valentine and Kebartas, LLC, which is not presently a party, and that Defendant is not a proper party to this lawsuit. (ECF

1

No. 7, PageID.13–14.) Accordingly, Plaintiff filed the instant motion and seeks to amend the complaint to add Valentine and Kebartas, LLC and dismiss Stenger and Stenger, P.C. (*Id.*, PageID.14.)

This matter is before the undersigned magistrate judge upon District Judge Thomas Ludington's order of reference under 28 U.S.C. § 636(c). (ECF No. 6.)

**B.     Applicable Law and Analysis**

"A party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15 (a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Here, a summons was issued for Defendant Stenger & Stenger P.C., (ECF No. 5), but there is no record of the summons being served.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "While Rule 20(a)(2) sets forth the standard for whether a plaintiff may join multiple defendants in one federal lawsuit, Rules 15 and 21 set forth the standard for allowing a party to amend its pleadings to add or remove parties to an ongoing lawsuit." *Dura Global Technologies, Inc. v. Magna Donnelly Corp.*, No. 2:07-cv-10945, 2011 WL 4532875, at *2 (E.D. Mich. Sept. 30, 2011).

Rule 15(a) provides that "leave shall be freely given when justice so requires." When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all

factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In the instant case, none of the *Head* factors appear to apply, in light of the following circumstances. Plaintiff seeks to add one party Defendant, and remove another, in light of the asserted discovery that the new Defendant is the proper party. Litigation is still early, and Plaintiff is still within the 90-day period to serve summons as originally required by Fed. R. Civ. P. 4. Finally, Plaintiff asserts that she would be prejudiced—as she has not made, nor could she make, a recovery from the original defendant—if she is not able to pursue her claim against the proper party.

## C.    Conclusion

Therefore, **IT IS RECOMMENDED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 7) be **GRANTED**.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 1, 2020                 S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: October 1, 2020                 By s/Kristen Castaneda
                                           Case Manager